Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., | Case No.: C09-0570 PJH |
|---|---|
| Plaintiffs, | **NOTICE AND ACKNOWLEDGMENT; JUDGMENT PURSUANT TO STIPULATION; and** |
| v. | **CONSENT TO THE JURISDICTION OF A MAGISTRATE JUDGE** |
| SUPERIOR CONTRACTING SERVICES, INC., | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs and against Defendant and/or any successor entities, as follows:

1.     Defendant is signatory to the Northern California Floor Covering Master Agreement between District Council 16 and the Northern California Floor Covering Association and Floor Covering Association of the Central Coast Counties ("Bargaining Agreement"). Pursuant to the Bargaining Agreement, Defendant is bound to the Trust Agreements of the Plaintiffs Trust Funds. The Bargaining Agreement and Trust Agreements continue in full force and effect to the present time.

2. Defendant Superior Contracting Service, Inc., through its president Foster McCaskill, acknowledges receipt of the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Case Management Conference Order; Standing Order for All Judges of the Northern District of California, Judge's Standing Order; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Notice of Availability of Magistrate Judge to Exercise Jurisdiction; Consenting to a Magistrate Judge's Jurisdiction in the Northern District of California, ECF Registration Information Handout; and Welcome to the U.S. District Court, San Francisco.

3. Defendant previously entered into a Settlement Agreement with the Trustees of the Valley Floor Covering Industry Trust Fund, which health fund has since merged into Plaintiff District Council 16 Health and Welfare Trust Fund ("Health Fund"), as follows:

   a. The Settlement represents amounts due from Defendant to the Health Fund found on audit of Defendant's records for the period September 2007 through January 2008, and thereafter through August 15, 2008. The terms of that Settlement Agreement are incorporated herein and the terms of this Stipulation are in addition thereto;

   b. Under that Settlement Agreement, Defendant made six (6) payments of $5,163.15 and a conditional principal balance of $44,066.25 remains due to the Health Fund, plus 10% per annum interest on that unpaid balance from January 26, 2009;

   c. An additional $7,520.77 will be added to the principal balance in the event Defendant is "late in paying any of the monthly installments under the payment plan . . .";

   d. Payments hereunder shall first satisfy those amounts under the Settlement remaining due, in accordance with the terms of that Settlement.

4. Defendant has become further indebted to the Trust Funds as follows:

///

///

| | | | |
|---|---|---|---|
| 10/08 Contributions | $51,900.57 | | |
| 11/08 Contributions | $53,727.90 | | |
| 12/08 Contributions | $39,996.85 | | |
| | | $145,625.32 | |
| 20% Liquidated Damages on 10/08-12/08 Contributions | | $29,125.06 | |
| 8% p/a interest on 10/08-12/08 Contributions (to 3/10/09) | | $2,782.52 | |
| **Sub-Total** | | | **$177,532.90** |
| | | | |
| Principal Balance of Prior Settlement Agreement | | $44,066.25 | |
| Liquidated Damages & Interest conditionally due on Prior Settlement Agreement (conditionally waived) | | $7,520.77 | |
| **Sub-Total** | | | **$51,587.02** |
| | | | |
| Attorneys' Fees (10/1/08-3/9/09) | | $2,557.50 | |
| Costs (Filing/Service | | $620.00 | |
| **Sub-Total** | | | **$3,177.50** |
| | | | |
| **TOTAL** | | | **$232,297.42** |

5.  Defendant shall, upon Trustees' approval and performance of all requirements pursuant to this Stipulation, **conditionally** pay the amount of **$195,651.59** (the total above, less the conditionally waived amounts on the prior Settlement Agreement as well as Liquidated Damages for 10/08 – 12/08), subject to timely Satisfaction of all other amounts due *and* Trustee approval, as follows:

(a) (i) On or before February 20, 2009, Defendant shall pay to Plaintiffs the amount of **$10,000.00**;

(ii) On or before March 20, 2009, Defendant shall pay to Plaintiffs the amount of **$15,000.00**;

(iii) On or before April 20, 2009, Defendant shall pay to Plaintiffs the amount of **$20,000.00**;

(iv) On or before May 20, 2009, Defendant shall pay to Plaintiffs the amount of **$25,000.00**;

    (v) On or before June 20, 2009, and on the 20th day of each month thereafter until all amounts due herein are paid, Defendant shall pay to Plaintiffs the amount of **$30,000.00**;

  (b) Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment. Defendant may request a "payout demand" at any time during the payment period, for satisfaction of this Judgment;

  (c) Payments shall be applied first to interest and then to unpaid principal. Following satisfaction of the prior Settlement Agreement under its terms, the unpaid principal balance shall bear interest at the rate of 8% per annum in accordance with Plaintiffs' Trust Agreements.

  (d) All payments shall be made payable to the "*District Council 16 Health and Welfare Trust Fund*," which is authorized to receive and distribute amounts due to all Plaintiff Trust Funds and the Union.  Payments shall be delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, **to be <u>received</u> on or before the 20th day of each month**, or to such other address as may be specified by Plaintiffs.

  6. In the event that any check is not timely submitted or submitted by Defendant but fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, this shall be considered to be a default on the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to **Foster McCaskill by facsimile at 916-492-9792, or such other number as Defendant provides in writing to Plaintiffs' counsel**, to cure said default.  Default will only be cured by the issuance of a **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs. In the event that the default was caused by a failed check, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check.  In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

7.      Beginning with contributions due for hours worked by Defendant's employees during the month of January, 2009, due on February 15, 2009, and delinquent if not received by the last business day of the month, and for every month thereafter that the Bargaining Agreement remains in effect, Defendant **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Trust Agreements. **Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Muriel B. Kaplan at 415-882-9287, prior to sending the payment** to **the Trust Fund office.**

8.      Failure by Defendant to remain current in its contributions shall constitute a default of the obligations under this agreement and the provisions of ¶11 shall apply.  Any such unpaid or late paid contributions, together with 20% liquidated damages and 8% per annum interest accrued on the combined total of contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, by a withdrawal liability assessment or other means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives the defense of the doctrine res judicata as to any such additional amounts determined as due.

9.      Foster McCaskill acknowledges that he is the RMO/CEO/President of Defendant herein, and is authorized to enter into this Stipulation on behalf of Superior Contracting Services, Inc. Foster McCaskill is also personally guaranteeing all amounts due herein. Defendant and all of its successors in interest, assigns, and affiliated entities (including, but not limited to parent or other controlling companies), if any, shall also be bound by the terms of this Stipulation as Guarantors. Defendant, Guarantor and all such entities specifically consent to the Court's jurisdiction as well as all other terms herein and <u>specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of</u>

execution.

10. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, of the amount of the final lump sum payment, and any additional amounts claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional attorneys fees and costs incurred in this matter. Prior to submission of the final lump sum payment, Plaintiffs will also advise Defendant as to whether the conditional waiver of liquidated damages has been granted. The Trustees will not consider the waiver until Defendant has fully performed under the terms of this Agreement, and their account(s) are otherwise current with the Trust Funds.

11. In the event that Defendant/Guarantor fail to make any payment required under ¶5 above, or fail to remain current in any contributions under ¶7 above, then,

(a) The entire amount of **$232,297.42** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 8% per annum interest thereon, shall be immediately due, together with any additional (not included herein) attorneys' fees and costs incurred in this action.

(b) A writ of execution may be obtained against Defendant and Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default.

(c) Defendant and Guarantor waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution.

(d) Defendant/Guarantor shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation.

12. Any failure on the part of the Plaintiffs to take any action against Defendant or Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant or Guarantor of any provisions herein.

13. In the event of the filing of a bankruptcy petition by Defendant or its Guarantor, the parties agree that any payments made by Defendant or Guarantor pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant or Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant and its Guarantor nevertheless represent that no bankruptcy filing is anticipated.

14. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions owed by Defendant to the Funds. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that the Funds expressly reserve their right to pursue any additional amounts determined to be due from Defendant as provided by the Collective Bargaining Agreement, Trust Agreements incorporated therein, and the law.

15. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

16. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

///

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

19. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

Dated: March 13, 2009    SUPERIOR CONTRACTING SERVICES, INC.

By: Foster McCaskill/S/
Foster McCaskill CEO/RMO/President

Dated: March 13, 2009

By: Foster McCaskill/S/
Foster McCaskill, Individually as
Personal Guarantor

Dated: March 17, 2009    SALTZMAN & JOHNSON
LAW CORPORATION

By: Muriel B. Kaplan/S/
Muriel B. Kaplan
Attorneys for Plaintiffs

APPROVED AS TO FORM:

Dated: March 16, 2009    COOK BROWN, LLP

By: Dennis B. Cook/S/
Dennis B. Cook
Attorneys for Defendant

**IT IS SO ORDERED**

Dated: March 23, 2009    _____
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*
*UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA*

P:\CLIENTS\FLRCL\Superior Contracting\Pleadings\Judgment Pursuant to Stipulation 031109.doc