Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>　　Plaintiffs,<br><br>　　　v.<br><br>SUPERIOR CONTRACTING SERVICES, INC.,<br><br>　　Defendant. | Case No.:  C09-0570 PJH<br><br>**SECOND AMENDED JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that the Judgment entered on March 23, 2009 and amended on May 4, 2009, may be again amended as stated herein, and entered in the within action in favor of the Plaintiffs and against Defendant and/or any successor entities, as follows:

1.　　Defendant remains signatory to the Northern California Floor Covering Master Agreement between District Council 16 and the Northern California Floor Covering Association and Floor Covering Association of the Central Coast Counties ("Bargaining Agreement"). Pursuant to the Bargaining Agreement, Defendant is bound to the Trust Agreements of the Plaintiffs Trust Funds.  The Bargaining Agreement and Trust Agreements continue in full force and effect to the present time.

2. The Amended Judgment Pursuant to Stipulation ("Amended Stipulation") entered by the Court on May 4, 2009, was in the total amount of $232,297.42 plus 8% per annum interest on the declining balance. Defendant made five payments under the Amended Stipulation, totaling $95,000.00, of which $90,450.15 was principal, and thereafter defaulted on its obligations. A principal balance of $141,847.28 remains due on the Amended Stipulation, including interest, and the conditionally waived liquidated damages of $36,635.83.

3. In addition to the amounts previously owed under the prior Judgment, Defendant has become indebted to the Trust Funds for additional contributions and related amounts. The total amount now due is as follows:

| | | | | |
|---|---|---|---|---|
| | Balance due on Stipulation | | $105,201.45 | |
| | Liquidated damages | | $36,645.83 | |
| | 8% p/a interest on Stipulation (6/30/09-10/20/09) | | $2,829.17 | |
| | | | $144,676.45 | $144,676.45 |
| 4/09 | Contributions | | $38,997.68 | |
| | 20% Liquidated Damages | | $7,799.54 | |
| | 5% p/a Interest (6/1/09-10/20/09) | | $758.59 | |
| | | | | $47,555.81 |
| 5/09 | Contributions | | $48,936.45 | |
| | 20% Liquidated Damages | | $9,787.29 | |
| | 5% p/a Interest (7/1/09-10/20/09) | | $750.80 | |
| | | | | $59,474.54 |
| 6/09 | Contributions | | $47,664.28 | |
| | 20% Liquidated Damages | | $9,532.86 | |
| | 5% p/a Interest (8/1/09-10/20/09) | | $528.88 | |
| | | | | $57,726.02 |
| 7/09 | Contributions | | $34,980.52 | |
| | 20% Liquidated Damages | | $6,996.10 | |
| | 5% p/a Interest (9/1/09-10/20/09) | | $239.59 | |
| | | | | $42,216.21 |
| 8/09 | Contributions | | $26,140.85 | |
| | 20% Liquidated Damages | | $5,228.17 | |
| | 5% p/a Interest (10/1/09-10/29/09) | | $71.62 | |
| | | | $31,440.64 | $31,440.64 |
| Attorneys' fees (3/10/09-10/13/09) | | | | $7,613.00 |
| Costs (Levies to 8/28/09) | | | | $211.37 |
| **TOTAL** | | | | **$390,914.04** |

///

4. Upon timely performance of all requirements pursuant to this Stipulation *and* upon Trustees' approval, Defendant shall **conditionally pay the amount of $334,596.23** (the total above, less the previously conditionally waived liquidated damages of $36,645.83, and one-half of the additional $39,343.96 liquidated damages [a total *conditional* waiver of $56,317.81]) as follows:

(a) Defendant agreed to pay the amount of $3,500.00 for each of the six months of July 2009 through December 2009. Defendant shall now make a lump sum payment of **$5,000.00** to be received by Plaintiffs at the address specified in ¶ 4(f) herein, no later than **October 26, 2009**. The additional payments of **$8,000.00** each shall be due *no later than* the **20th days of November and December 2009.**

(b) On or before January 20, 2010, and on the 20th day of each month thereafter until all amounts due herein are paid, Defendant shall pay to Plaintiffs the amount of **$10,000.00**;

(c) Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment. Defendant may request a "payout demand" in anticipation of satisfaction of this Judgment at any time;

(e) Payments shall be applied first to interest and then to unpaid principal. Unpaid principal balance shall bear interest at the rate of 8% per annum on the prior Amended Stipulation balance until it is paid, and 5% per annum thereafter on the balance, accordance with Plaintiffs' Trust Agreements.

(f) All stipulated payments shall be made payable to the "*District Council 16 Health and Welfare Trust Fund*," which is authorized to receive and distribute amounts due to all Plaintiff Trust Funds and the Union. Payments shall be delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, **to be <u>received</u> on or before the 20th day of each month**, or to such other address as may be specified by Plaintiffs.

///

5.       Three levies were issued in the instant action (Spectra Contract Flooring, Turner Construction Company, Capital Commercial Flooring, Inc.).  Any amounts recovered from those levies will be applied to reduce the amounts due herein.

6.       Beginning with contributions due for hours worked by Defendant's employees during the month of September, 2009, due on October 15, 2009, and delinquent if not received by the last business day of the month, and for every month thereafter that the Bargaining Agreement remains in effect, Defendant **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Trust Agreements.  **Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment by (joint) check or checks,** to Muriel B. Kaplan at 415-882-9287, prior to sending the payment to the Trust Fund.  *Failure to do so shall be considered a default.*

7.       Defendant has agreed to execute, and cause to be fully executed, Joint Check Agreements, for payment by its general contractors of Defendant's contributions to Plaintiff Trust Funds, on all current and future jobs of each general contractor, until this Judgment is satisfied. Defendant further agrees to promptly provide those fully executed Agreements to Plaintiffs' counsel.  A Joint Check Agreement template is attached hereto as *Exhibit A* for copying and use by Defendant on all of its projects until this Judgment is satisfied in full.  **The Joint Check Agreements shall be completed and provided to Plaintiffs within 10 days of the signing of this Second Amended Stipulation.**  Defendant shall remain liable for any liquidated damages and interest due on any late contribution payments, whether or not paid by joint check.

8.       In the event that any check is not timely submitted, not timely endorsed (in the case of a Joint Check), or submitted by Defendant but fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, this shall be considered to be a default on the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to **Foster McCaskill by facsimile at 916-492-9792, or such other number as Defendant provides in writing to Plaintiffs' counsel**, to cure said default.  Default will only be cured by the issuance of

a **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs. In the event that the default was caused by a failed check, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

9. Upon entry of each contract, Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs' counsel with an ongoing and updated list of jobs including, but not limited to, the name and address of each job, the start and completion dates, the name of General Contractor/Owner/Developer. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, **copies of Certified Payroll Reports shall be faxed** to Muriel B. Kaplan concurrently with their submission to the General Contractor, Owner or other reporting agency.

10. Failure by Defendant to remain current in its contributions, or of submission by fax of any documents required herein, shall constitute a default of the obligations under this agreement and the provisions of ¶ 13 shall apply.  Any unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, by a withdrawal liability assessment or other means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives the defense of the doctrine res judicata as to any such additional amounts determined as due.

11. Foster McCaskill acknowledges that he is the RMO/CEO/President of Defendant herein, and is authorized to enter into this Stipulation on behalf of Superior Contracting Services, Inc.  Foster McCaskill is also personally guaranteeing all amounts due herein. Defendant and all of its successors in interest, assigns, and affiliated entities (including, but not limited to parent or

other controlling companies), if any, shall also be bound by the terms of this Stipulation as Guarantors.

12.     Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, of the amount of the final lump sum payment, and any additional amounts claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional attorneys fees and costs incurred in this matter.  Prior to submission of the final lump sum payment, Plaintiffs will also advise Defendant as to whether the conditional waivers of liquidated damages have been granted. The Trustees will not consider the waivers until Defendant has fully performed under the terms of this Agreement, and its accounts are otherwise current with the Trust Funds.

13.     In the event that Defendant/Guarantor fail to make any payment required under ¶ 4, above, or fail to remain current in any contributions under ¶ 6 above, or fail to fax documents as provided in ¶¶ 6, 7 and 9 above, then,

(a)     The entire amount of **$390,914.04**, plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 5% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs incurred in this action.

(b)     A writ of execution may be obtained against Defendant and Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs, setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default.

(c)     Defendant and Guarantor waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution.

    (d) Defendant/Guarantor shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation.

  14. Any failure on the part of the Plaintiffs to take any action against Defendant or Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant or Guarantor of any provisions herein.

  15. In the event of the filing of a bankruptcy petition by Defendant or its Guarantor, the parties agree that any payments made by Defendant or Guarantor pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant or Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant and its Guarantor nevertheless represent that no bankruptcy filing is anticipated.

  16. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions or other amounts now owed by Defendant to the Funds. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that the Funds expressly reserve their right to pursue any additional amounts determined to be due from Defendant as provided by the Collective Bargaining Agreement, Trust Agreements incorporated therein, and the law.

  17. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

  18. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

19. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

20. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

21. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

Dated: October 20, 2009    SUPERIOR CONTRACTING SERVICES, INC.

By: /S/Foster McCaskill
Foster McCaskill, CEO/RMO/President


FOSTER McCASKILL

Dated: October 20, 2009

By: /S/Foster McCaskill
Foster McCaskill, Individually as
Personal Guarantor

Dated: October 20, 2009    SALTZMAN & JOHNSON
LAW CORPORATION

By: /S/Muriel B. Kaplan
Muriel B. Kaplan
Attorneys for Plaintiffs

APPROVED AS TO FORM:

Dated: October 20, 2009    COOK BROWN, LLP

By: /S/Dennis B. Cook
Dennis B. Cook
Attorneys for Defendant

**IT IS SO ORDERED**

Dated: __October 23__, 2009

_____
UNITED STATES DISTRICT COURT JUDGE

[Seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Phyllis J. Hamilton]

P:\CLIENTS\FLRCL\Superior Contracting\Pleadings\2nd Amended Judment Pursuant to Stipulation\SecondAmended Judgment Pursuant to Stipulation 101609.doc

## *EXHIBIT A*

## **AGREEMENT TO ISSUE JOINT CHECKS**

The undersigned parties hereto agree as follows:

1.  The parties to this Agreement are _____ (referred to herein as "**GENERAL CONTRACTOR**"); SUPERIOR CONTRACTING SERVICES, INC. (referred to herein as "**SUBCONTRACTOR**"); and the DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, (referred to herein as "**TRUST FUND**") which is authorized to receive and pursue all contributions required under **SUBCONTRACTOR**'s Collective Bargaining Agreement.

2.  **SUBCONTRACTOR** hereby authorizes **GENERAL CONTRACTOR** and **GENERAL CONTRACTOR** hereby agrees to pay by joint check or checks, payable jointly to **SUBCONTRACTOR** and **TRUST FUNDS**, the amounts due for hours worked by **SUBCONTRACTOR'S** employees on the Following project(s):

_____

_____

_____
*[insert project name(s) and address(es]*

3.  **SUBCONTRACTOR** agrees to provide both **GENERAL CONTRACTOR** and **TRUST FUNDS'** counsel **Muriel B. Kaplan** with a copy of its billing and reports of monthly hours worked on these jobs throughout the period of the jobs, as well as any certified payroll or other reports, contemporaneously with its submission to the **TRUST FUNDS** and/or **GENERAL CONTRACTOR,** or other reporting agency as applicable.

4.  **SUBCONTRACTOR** agrees to promptly endorse said joint checks when requested by the **GENERAL CONTRACTOR** *prior to* mailing to **TRUST FUNDS**.

5.  **GENERAL CONTRACTOR** agrees to mail the above endorsed joint check or checks, to the **TRUST FUNDS** at the following address:

> Muriel B. Kaplan, Esq.
> SALTZMAN & JOHNSON LAW CORPORATION
> 44 Montgomery St., Suite 2110
> San Francisco, CA  94104

6.  This Agreement shall remain in effect throughout the duration of any job(s) worked on by **SUBCONTRACTOR** for **GENERAL CONTRACTOR,** and for such time thereafter until all contributions to the **TRUST FUNDS** have been fully paid to the **TRUST FUNDS**.

7.  The joint checks issued pursuant to this agreement for hours worked on this project shall

## *EXHIBIT A*

constitute a waiver by **TRUST FUNDS** of mechanics' liens, stop notices, or rights to claim against a payment or surety bond, but only to the extent of the amount actually paid to **TRUST FUNDS** by said joint check or checks for the hours worked.  **TRUST FUNDS** reserve all rights they may have to assert mechanics' liens, stop notices, or claims on payment or other surety bonds to the extent **TRUST FUNDS** have not been fully paid for all contributions in connection with the project referred to above.

8. This Agreement may be executed in counterparts, including facsimiles, and all such counterparts shall constitute one Agreement, binding on all the parties hereto, notwithstanding that all the parties may not be signatory to the same counterpart.

Dated: _____           **SUBCONTRACTOR**
                                   SUPERIOR CONTRACTING SERVICES, INC.


                                   _____
                             By:   Foster McCaskill
                             Its:  CEO/RMO/President


Dated: _____           **GENERAL CONTRACTOR**

                             Entity: _____

                             By:    _____

                             Its:   _____


Dated: _____           **TRUST FUNDS**
                                   DISTRICT COUNCIL 16 NORTHERN
                                   CALIFORNIA HEALTH AND WELFARE
                                   TRUST FUND, et al.


                             By:   _____
                                   Muriel B. Kaplan, Esq.,
                                   SALTZMAN & JOHNSON LAW CORP.
                                   Attorney for District Council 16 Northern
                                   California Health and Welfare Trust Fund, et al.